Matthias, J.
The-question presented to the court is whether the facts disclosed by the record show a •failure of the Industrial Commission to perform a duty specially enjoined by law and accordingly warranted the issuance of a w'rit’of mandamus. '
The Industrial Commission having rejected the claim of the relator upon the ground that his disability was not the result of the injury sustained, the question of the right of the relator to participate in the state insurance fund was submitted to and determined by the Court of Common Pleas upon appeal pursuant to the provisions of Section 1465-90, General Code.
Every defense available against the claim of right to participate in the state insurance fund is involved in such proceeding and, if not presented- by the Industrial Commission, must be considered as waived. Therefore, where, upon hearing on appeal, a Common Pleas Court finds and certifies to the Industrial Commission that a claimant has a right to participate in the state insurance fund, it becomes the duty of' the commission to award some compensation or benefit. State, ex rel. Kauffman, v. Industrial Commission, 121 Ohio St., 472, 169 N. E., 572; State, ex rel. Moore, v. Industrial Commission, 141 Ohio St., 241, 47 N. E. (2d), 767.
*196 The finding of the Industrial Commission that “to date he has lost no time from his work, nor suffered any partial disability because of said injury, in view of which he is not entitled to any compensation at this time,” is in direct contradiction of the finding of the Common Pleas Court and disregards entirely the adjudication of that court of the question of the claimant’s right to participate in the state insurance fund. The finding and decision of the commission from which appeal had been taken to the Court of Common Pleas was that the claimant was not entitled to participate in the state insurance fund for the reason that his disability was not “the result of injury alleged to have occurred on May 10, 1938.”
The Common Pleas Court on appeal found the contrary. Otherwise there would have been no basis for the finding of that court in favor of the claimant’s right to .participate in the state insurance fund.
Following that action of the Court of Common Pleas and pursuant thereto, it became the duty of the Industrial Commission'to put into effect the court’s finding and decision. It is provided by Section 1465-90, General Code, as follows:
“If the finding of the court or the verdict of the jury is in favor of the claimant’s right to participate or to continue to participate in such fund, the court shall certify such finding or verdict to the Industrial Commission and the commission shall thereupon order compensation to be paid in the manner provided by this act for the payment of other awards.” (Italics ours.)
The extent of disability, whether temporary or permanent, as well as the extent of impairment of earning-capacity, are matters committed to and are to be determined by the Industrial Commission. The commission has continuing jurisdiction in such cases and is authorized to make future findings and orders as *197 conditions and circumstances require. It is incumbent upon the commission, however, to afford opportunity for the presentation of evidence and therefrom determine the extent of the impairment of the earning capacity of the claimant which existed at the time of the finding and order of the Court of Common Pleas and to make an award in accordance with the provisions of the workmen’s compensation law.
The judgment of the Court-of Appeals is in all respects affirmed.

Judgment affirmed.

Weygandt, C. J., Hart, Zimmerman, Bell and Williams, JJ., concur.
Turner, J., not participating.